**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| IESHA WALKER and JAMES BROWN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 24-1171 |
| | ) | |
| CATHOLIC DIOCESE OF PEORIA | ) | |
| REVENUE, *as cemetery manager of* | ) | |
| *St. Mary's Cemetery*, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION

This matter is now before the Court on Plaintiffs' Iesha Walker and James Brown, deceased, Motion for Leave to Proceed *in forma pauperis* ("IFP") (D. 2), and Motion to Request Counsel (D. 3). For the reasons stated herein, the Motions are DENIED, and this Complaint is DISMISSED for lack of subject matter jurisdiction.

## BACKGROUND

Iesha Walker has filed a complaint, with an accompanying petition to proceed IFP, and a motion requesting appointment of counsel. In each of the filings she names herself, and her deceased brother, James Brown, as plaintiffs. The complaint alleges that in 1997 or 1998, the Catholic Diocese of Peoria Revenue, as cemetery manager of St. Mary's Cemetery located in West Peoria, Illinois ("Defendant") buried Brown, age eight, without input from immediate family, thereby violating their "inurnment right," by placing him to rest in their cemetery in violation of the Illinois Cemetery Oversight Act (225 ILCS 411/5-15, *Definitions*). Walker also alleges that Defendant has unknown or inaccurate cemetery boundaries and locations, unknown contested

ownership, and has altered burial sites without notice causing emotional and physical distress in violation of the Illinois Cemetery Oversight Act (225 ILCS 411/5-15, *Definitions*).

In further support of her allegations, Walker states that she has been looking for her deceased brother since his death in 1997. At that time, Walker alleges she was thirteen years old and a ward of the state. Walker recently requested her files from the public guardian's office in Cook County, Illinois, to look for Brown's burial place and called the Peoria cemeteries. The Peoria cemeteries informed Walker that Brown was buried in the St. Mary's Cemetery in West Peoria, Illinois, an organization funded by the Catholic Diocese of Peoria Revenue, and she was sent a map of the cemetery. A few days later, Walker arrived at St. Mary's Cemetery and was "in utter awe of how beautiful it was." (D. 1, p. 6). She then asked a grounds keeper to help her read the map to try to find Brown's grave and learned that she was at the wrong cemetery.

Walker makes additional complaints regarding the Defendant's maintenance of St. Mary's Cemetery and negligence regarding the mishandling of burial practices and appropriate documentation. As relief, Walker requests $5 million in damages, and for the Court to order Defendant to relocate Brown immediately.

## ANAYLSIS

The IFP statute, 28 U.S.C. § 1915(a)(1), is designed to ensure indigent litigants meaningful access to federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). In cases asserted under 28 U.S.C. § 1915, district courts must "screen the case before granting the privilege to proceed without prepayment of fees." *United States v. Durham*, 922 F.3d 845, 846 (7th Cir. 2019) (citing 28 U.S.C. § 1915(e)(2)). The Court is to review the sufficiency of the complaint and deny IFP statute if: (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to

state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). District courts routinely dismiss complaints *sua sponte* under this statute.

When evaluating whether a pro se plaintiff has stated a claim under § 1915(e)(2)(B), courts use the same standards that apply to Federal Rule of Civil Procedure 12(b)(6) motions. *Luevano v. Wal-Mart Stores, Inc*., 722 F.3d 1014, 1027 (7th Cir. 2013). Therefore, the Court will take "all well-pleaded allegations of the complaint as true and view [ ] them in the light most favorable to the plaintiff." *Id.* (citing *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)). A plaintiff need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc*., 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a pro se complaint is to be construed liberally and held to "less stringent standards than a formal pleading by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted).

Here, the Complaint provides no basis for federal question jurisdiction as it only alleges violations of the Illinois Cemetery Oversight Act (225 ILCS 411/5-15). *See* 28 U.S.C. § 1331. There are also no allegations invoking diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Furthermore, Walker cannot bring a cause of action on behalf of her deceased brother, James Brown. Under Illinois law—which governs who may bring claims on behalf of a deceased individual—only a representative or administrator of a decedent's estate may bring a cause of action on behalf of the estate. *See Akbar v. Calumet City*, 632 F. App'x 868, 871 (7th Cir. 2015) (providing that Illinois law applies to estates); *Wilmere v. Stibolt*, 504 N.E.3d 916, 918 (Ill. App. Ct. 1987) (holding that "only the administrator or executor of a decedent's estate, and not the decedent's survivors, can maintain a cause of action on behalf of the decedent"). Although a court may allow a reasonable

3

time for any real party to join or be substituted into the action, doing so here would be futile because the complaint is frivolous in nature.

A frivolous complaint does not invoke the district court's subject-matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *African-American Slave Descendants Litig.*, 471 F.3d 754, 757 (7th Cir. 2006). "When it becomes clear that a suit filed *in forma pauperis* is irrational…the district court is required to dismiss it." *Ezike v. National R.R. Passenger Corp.*, 2009 WL 247838, at *3 (7th Cir. 2009) (citing 28 U.S.C. § 1915(e)(2)(B)(i). A district court need not entertain factually frivolous allegations. *See Neitzke*, 490 U.S. at 327–28, 330; *see also Atkins v. Sharpe*, 854 F. App'x 73, 75 (7th Cir. 2021) (citing *Felton v. City of Chi.*, 827 F.3d 632, 635 (7th Cir. 2016)).

Here, Walker has filed a Complaint against Defendant, who she believes mistakenly told her Brown was buried at St. Mary's Cemetery in West Peoria, Illinois. Despite acknowledging in the Complaint that Brown is not buried at St. Mary's Cemetery—and without identifying where Brown is actually buried—Walker asks this Court to order Defendant to relocate Brown's body, which does not appear to be in their possession, immediately pursuant to the Illinois Cemetery Oversight Act (225 ILCS 411/5-15), and award her $5 million in damages. The Court finds Walker's Complaint is both frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i) and fails to state a claim under 28 U.S.C. § 1915(e)(2)(ii). The Court further finds that no attempt at amending the allegation in the complaints to include more specific pleadings will remedy their defects. *See Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

## CONCLUSION

For the reasons stated herein, Plaintiff's [2] Motion for Leave to Proceed in *forma pauperis* and [3] Motion to Request Counsel are DENIED, and the [1] Complaint is DISMISSED for lack

of subject matter jurisdiction. This case is now TERMINATED. The Clerk of Court is DIRECTED

to CLOSE this case.

ENTERED this 1st day of May, 2024.

_/s/ Michael M. Mihm_
Michael M. Mihm
United States District Judge
